UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

CLAUDIO CIPEDA,     Case No. 6:17-bk-01326
                    Chapter 7

    Debtor.
_____/

ARVIND MAHENDRU, TRUSTEE,

    Plaintiff,

vs.     Adv. No. 6:17-ap-00087-CCJ

CLAUDIO CIPEDA

    Defendant
_____/

## AMENDED COMPLAINT

Plaintiff, Arvind Mahedru, trustee, pursuant to 11 U.S.C. §727 hereby files this Complaint to Deny Discharge against Claudio Cipeda, the debtor and shows:

### JURISDICTION

1. Jurisdiction is based on 28 U.S.C. §1334(a).

2. Venue is based on 28 U.S.C. §1409(a).

### PARTIES

3. Arvind Mahendru, trustee, plaintiff (the "Trustee") is the duly qualified and acting chapter 7 trustee in the Claudio Cipeda chapter 7 bankruptcy case.

4. Claudio Cipeda is the Debtor in the main bankruptcy case and a defendant.

FACTUAL BACKGROUND

5. Claudio Cipeda, Debtor (the "Debtor"), filed a petition under Chapter 7 of Title 11, United States Code, on March 1, 2017.

6. The deadline to file a complaint objecting to the discharge is July 17, 2017.

7. The initial 11 U.S.C. §341(a) Meeting of Creditors (the "Meeting") was held on April 4, 2017.

8. On or about September 21, 2016, the Debtor signed closing documents to sell real property located at 10612 Holly Crest Dr, Orlando, Florida ("the Holly Crest property"). A true and correct copy of the settlement statement is attached hereto as **Exhibit "A"** (the "Holly Crest closing"). In connection with the Holly Crest Closing, the Debtor paid two invoices, #100 and #101, to HP Management Corp, totaling $50,935, for purported repairs to the Holly Crest property (the "Holly Crest Transfers"). Upon information and belief, the repairs either did not occur or related to a separate property.

9. On or about July 21, 2016, the Debtor signed closing documents to sell real property located at 8745 The Esplanade Unit 2, Orlando, Florida ("the Esplanade property"). A true and correct copy of the settlement statement is attached hereto as **Exhibit "B"** (the "Esplanade closing").

10. The Debtor testified that the buyer of the Esplanade property is owned by a friend, Anthony Portigliatti ("Portigliatti").

11. Due to Debtor's many years of friendship, Portigliatti is considered an insider pursuant to bankruptcy case law.

12. At the Esplanade closing, Debtor transferred $175,000 to his friend Portigliatti (the "Esplanade Transfer").

## COUNT I - COMPLAINT TO DENY DISCHARGE
(False Oath)

13. The Trustee re-alleges and incorporates the allegations contained in paragraph numbers one (1) through twelve (12) above.

14. This is an action to deny the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(4)(A).

15. This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(I).

16. The Debtor did not disclose the sale of the Holly Crest property in his bankruptcy filings or disclose the Holly Crest Transfers.

17. The Debtor failed to disclose the Esplanade Transfer, in the amount of $175,000, to Portigliatti in his bankruptcy filings.

18. By failing to disclose the Holly Crest sale, the Holly Crest Transfers, or the Esplanade Transfer, the Debtor made a false oath when he filed his bankruptcy forms.

## COUNT II - COMPLAINT TO DENY DISCHARGE
(Withheld documents)

19. The Trustee re-alleges and incorporates the allegations contained in paragraph numbers one (1) through eighteen (18) above.

20. This is an action to deny the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(4)(D).

21. At the 341 meeting, the Debtor disclosed that he signed an unsecured note ("the Note") in favor of Portigliatti in the amount of $180,000. The Debtor executed the Note on January 2, 2016.

22. Despite multiple continuances of the 341 meeting and multiple requests, the Debtor has refused to provide any financial records to justify the execution of the Note in favor of Portigliatti or the repayment of the Note at the Esplanade closing.

23. By failing to produce any financial documents to justify the execution and repayment of the Note, the Debtor knowingly and fraudulently "withheld from an officer of the estate…documents, records and papers, relating to the debtor's property." 11 U.S.C. §727(a)(4)(D)

### COUNT III - COMPLAINT TO DENY DISCHARGE
(Intent to hinder creditors)

24. The Trustee re-alleges and incorporates the allegations contained in paragraph numbers one (1) through twenty-three (23) above.

25. This is an action to deny the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(2)(A).

26. Prior to filing this case, the Debtor was under immense pressure from creditors due to various lawsuits filed against him.

27. At the time of the Holly Crest Transfers and the Esplanade Transfer, the Debtor was insolvent.

28. On July 21, 2016, which was within one year of the petition date, the Debtor transferred $175,000 to Portigliatti without any legal justification and without any consideration in return. Likewise, the Holly Crest Transfer was made without adequate consideration in return.

29. The Holly Crest Transfers and the Esplanade Transfer constitute attempts to hinder, delay, or defraud creditors within one year of filing of this case.

## COUNT IV - COMPLAINT TO DENY DISCHARGE
(Failure to obey court order)

30. The Trustee re-alleges and incorporates the allegations contained in paragraph numbers one (1) through twenty-three (29) above.

31. This is an action to deny the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(6)(A).

32. On August 17, 2017, the Trustee filed the Motion for Turnover ("Motion") [Main Case – Document No. 36].

33. On September 20, 2017, this Court entered its Order Granting Trustee's Motion to Compel ("Order") [Main Case – Document No. 37]. A copy of the Order is attached as Exhibit "C" and is incorporated herein by reference.

34. The Order directed the Debtor to turnover documents related to the receipt of $180,000 loan from Portigliatti.

35. The Debtor did not comply with the Order as he has not produced canceled checks or deposits to substantiate that he received $180,000 from Portigliatti.

WHEREFORE, Plaintiff requests this Court to enter a judgment as follows: (a) against the Debtor and in favor of the Trustee; (b) denying the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(4)(A), 11 U.S.C. §727(a)(4)(D), 11 U.S.C. §727(a)(6)(A) and 11 U.S.C. §727(a)(2)(A); (c) awarding costs incurred herein and (d) awarding such other relief as the Court deems just and proper.

DATED: November 20, 2017

/s/Arvind Mahendru
Arvind Mahendru, Esq.

                              Florida Bar No. 61482
                              5703 Red Bug Lake Road
                              Suite 284
                              Winter Springs, Florida 32708
                              Telephone (407) 504-2462
                              E-mail:  amtrustee@gmail.com